

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00193-CR
_____

JENNIFER STEEN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2012-435,622; Honorable Bradley S. Underwood, Presiding

October 21, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following an open plea of guilty, Appellant, Jennifer Steen, was convicted of theft less than $1,500 with two or more prior theft convictions and sentenced to twenty-four months in a state jail facility.[1]  In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw.  We affirm and grant counsel's motion.

_____

[1] TEX. PENAL CODE ANN. § 31.03(e)(4)(D) (West Supp. 2014).

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel candidly discusses why, under the controlling authorities, the appeal is frivolous. *See High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* and *In re Schulman* by (1) providing a copy of the brief to Appellant, (2) notifying her of her right to file a *pro se* response if she desired to do so, and (3) informing her of her right to file a *pro se* petition for discretionary review.[3] *In re Schulman*, 252 S.W.3d at 408.[4] By letter, this Court granted Appellant an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. *Id.* at 409 n.23. Appellant did not file a response to the *Anders* brief. Neither did the State favor us with a brief.

BACKGROUND

On July 8, 2012, an undercover security officer became suspicious when he was alerted that items had been hidden by the gates in the garden area at Walmart. He

---

[3] This appeal was submitted before the Texas Court of Criminal Appeals issued its decision in *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014).

[4] Notwithstanding that Appellant was informed of her right to file a *pro se* petition for discretionary review upon execution of the *Trial Court's Certification of Defendant's Right of Appeal*, counsel must comply with Rule 48.4 of the Texas Rules of Appellate Procedure which provides that counsel shall within five days after this opinion is handed down, send Appellant a copy of the opinion and judgment together with notification of her right to file a *pro se* petition for discretionary review. *In re Schulman*, 252 S.W.3d at 408 n.22 & at 411 n.35. The duty to send the client a copy of the court of appeals' decision is an informational one, not a representational one. It is ministerial in nature, does not involve legal advice, and exists after the court of appeals has granted counsel's motion to withdraw. *Id.* at 411 n.33.

reviewed surveillance video and identified Appellant as the individual who had hidden the items.  He recovered the items before she returned for them.

The security officer testified that the next day, he observed the same individual from the surveillance video [Appellant] in the store.  He observed her pull a blade from her purse and cut open a cell phone package.  She placed the phone in her purse and discarded the package in another area of the store.  She did the same with several printer ink cartridge packages.  She proceeded to a register and paid for items in her shopping cart but did not pay for the items she had placed in her purse.  After she passed all registers and proceeded toward an exit, the security officer confronted her and she admitted to taking the items in question.

A loss prevention employee from Dillard's Department Store testified that Appellant was arrested for shoplifting in 2011 and was issued a trespass warning not to enter the store again.[5]  She was arrested for violating the criminal trespass warning in March 2012, and again in March 2013.

By the *Anders* brief, counsel evaluates two potential errors in Appellant's case, to-wit: (1) the sentence is grossly disproportionate to the offense and (2) the effectiveness of trial counsel's representation.  He concludes, however, that no arguable issues exist to reverse Appellant's conviction.

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal.  *See Penson v. Ohio*, 488

---

[5] Appellant was placed on community supervision for the criminal trespass offense and during the punishment phase of the underlying offense, she did not object to the State's request to allow the evidence in support of the theft conviction to apply to the revocation proceeding in the criminal trespass case.  Revocation of community supervision for the criminal trespass case is not a part of this appeal.

U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman*, 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). After reviewing the record and counsel's brief, we agree with counsel there is no plausible basis for reversal. *See Bledsoe v. State*, 178 S.W.3d 824 (Tex. Crim. App. 2005).

CONCLUSION

The trial court's judgment is affirmed and counsel's motion to withdraw is granted.

Patrick A. Pirtle
Justice

Do not publish.